1  KAMALA D. HARRIS
   Attorney General of California
2  HOLLY D. WILKENS
   Supervising Deputy Attorney General
3  SHARON L. RHODES
   Deputy Attorney General
4  State Bar No. 120702
    110 West A Street, Suite 1100
5   San Diego, CA 92101
    P.O. Box 85266
6   San Diego, CA 92186-5266
    Telephone: (619) 525-4392
7   Fax: (619) 645-2271
    E-mail: Sharon.Rhodes@doj.ca.gov
8  *Attorneys for Respondent*

9

10          IN THE UNITED STATES DISTRICT COURT

11         FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13  **MICHAEL STEPHEN COMBS,**          CV 05-4777-ODW

14                        Petitioner,  **MEMORANDUM OF POINTS AND
                                        AUTHORITIES IN OPPOSITION**
15          **v.**                      **TO MOTION FOR *BITTAKER*
                                        PROTECTIVE ORDER**
16
                                        Judge:      The Honorable Otis D.
17  **KEVIN CHAPPELL, Warden,**                     Wright, II
    **California State Prison at San**
18  **Quentin, et al.,**

19                        Respondent.

20

21       On July 3, 2013, Petitioner Michael Combs filed a motion for a protective

22  order under *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (en banc) ("*Bittaker*

23  Motion"). (Dkt. No. 75.) On that same date, Combs filed his First Amended

24  Petition for Writ of Habeas Corpus ("FAP"), and 129 exhibits in support thereof,

25  seven of which were redacted. (Dkt. Nos. 77-85.)[1] He also manually filed an

26  application to file under seal Exhibits 23, 29, 79, 83, 121, 122, and 123 to the FAP

27  ───────────────
         [1] The exhibits are numbered up to Exhibit 142, but thirteen exhibits
28  intentionally were left blank. (*See* Dkt. No. 77 at vi-ix.)

                                        1

1  ("Application to File Exhibits under Seal").  (Dkt. No. 74.)  By order filed on July

2  29, 2013, Respondent's opposition or statement of no opposition to the *Bittaker*

3  Motion and the Application to File Exhibits under Seal shall be filed no later than

4  August 7, 2013.  (Dkt. No. 90.)  For the reasons detailed below, Respondent

5  opposes the *Bittaker* Motion on the ground that any order for a *Bittaker* protective

6  order is premature unless and until discovery is sought by Respondent.  In addition,

7  for reasons detailed in Respondent's opposition to the Application to File Exhibits

8  under Seal, filed concurrently herewith, Respondent opposes the application to the

9  extent it seeks to file Exhibits 23, 29, and 79 under seal on the grounds that (1)

10 those exhibits have already been publically disseminated by Combs publicly filing

11 the identical documents in the California Supreme Court, and (2) the under-seal

12 filing of Exhibits 23, 29, and 79 is unnecessary and Combs's interest in non-

13 disclosure is outweighed by the public's right of access to judicial proceedings.[2]

14 I.   **THE REQUEST FOR A *BITTAKER* PROTECTIVE ORDER IS PREMATURE
15       UNLESS AND UNTIL DISCOVERY IS SOUGHT**

16      A *Bittaker* protective order limits the dissemination of materials obtained

17 through compulsory discovery proceedings.  *Bittaker*, 331 F.3d at 728.  No

18 discovery has been requested or ordered in this action.  Accordingly, a *Bittaker*

19 protective order is premature.

20      In *Bittaker*, the Ninth Circuit held that while habeas petitioners may be

21 compelled to turn over otherwise privileged material when raising claims of

22 incompetent counsel, disclosure of the material results in only a limited waiver of

23 the applicable evidentiary privileges.  *Bittaker*, 331 F.3d at 722.  Federal courts

24 must, of their own accord, take measures to enforce the limited privilege waiver,

25      [2] Respondent has no objection to the under-seal filing of Exhibits 83, 121,
26 122, and 123, which are unredacted copies of juror questionnaires and contain juror
    identifying information, as California law now requires that juror identifying
27 information be kept confidential.  Combs, however, should file redacted versions of
    the exhibits so the content other than juror identifying information is available to
28 the public.

2

1   which could include issuing a protective order.  *Id.* at 727-28.  *Bittaker* affirmed a

2   district court's protective order that did just that.  *Id*. at 728.  The order there

3   precluded the respondent from disclosing the privileged information obtained

4   through the discovery process in the federal habeas proceeding to any person or

5   entity outside the California Attorney General's Office, and limited the use of the

6   privileged material to the litigation of the federal habeas corpus case.  *Id*. at 717

7   n.1.[3]  In affirming the order, the Ninth Circuit reasoned that the district court's

8   order "simply precludes a party before it from misusing materials it obtained for a

9   limited purpose by invoking the court's power of compulsion."  *Bittaker*, 331 F.3d

10  at 727.

11       The clear intent behind the *Bittaker* decision was to fairly allow the habeas

12  respondent to defend against the claims in the petition, and to protect a habeas

13  petitioner who received a retrial following a grant of relief by a federal court from

14  having otherwise-privileged material provided through the discovery process in the

---

15          [3] The order in its entirety read:

16          All discovery granted to respondent pursuant to respondent's
            motion to discover trial counsels' files and conduct depositions of trial
17          counsel, petitioner's defense team and petitioner, shall be deemed to be
            confidential.  These documents and material (hereinafter "documents")
18          may be used only by representatives from the Office of the California
            Attorney General and only for purposes of any proceedings incident to
19          litigating the claims presented in the petition for writ of habeas corpus
            pending before this Court.  Disclosure of the contents of the
20          documents and the documents themselves may not be made to any
            other persons or agencies, including any other law enforcement or
21          prosecutorial personnel or agencies, without an order from this Court.
            This order shall continue in effect after the conclusion of the habeas
22          corpus proceedings and specifically shall apply in the event of a retrial
            of all or any portion of petitioner's criminal case, except that either
23          party maintains the right to request modification or vacation of this
            order upon entry of final judgment in this matter.
24              This Court recognizes that Respondent objects to entry of this
            protective order, and that Petitioner contends the required disclosures
25          in this action do not constitute a waiver of his rights under the 5th and
            6th Amendment in event of any retrial. *The Court may vacate this*
26          *order at any time. The parties will immediately advise the court of any*
            *future rulings in Osband v. Woodford*[, 290 F.3d 1036 (9th Cir. 2002)].
27
    *Bittaker*, 331 F.3d at 717 n.1 (original italics).
28

3

1    federal habeas proceeding used against the petitioner at the retrial.  *See Bittaker*,

2    331 F.3d at 724 ("[A]llowing the prosecution at retrial to use information gathered

3    by the first defense lawyer - including defendant's statements to his lawyer - would

4    give the prosecution a wholly gratuitous advantage.  It is assuredly not consistent

5    with the fairness principle to give one side of the dispute such a munificent windfall

6    for use in proceedings unrelated to the matters litigated in federal court.").

7         Thus, in this Circuit, the *Bittaker* limitations govern protective orders issued in

8    habeas corpus cases that include ineffective assistance of counsel claims that result

9    in compelled production of otherwise-privileged material.  However, *Bittaker* was a

10   narrow decision.  It addressed only concerns at the discovery phase, and does not

11   provide for a protective order under the situation presented by Combs's motion.

12        Inasmuch as a *Bittaker* order pertains to dissemination of materials obtained

13   through the compulsory discovery process (*Bittaker*, 331 F.3d at 728), it is

14   axiomatic that there is nothing to protect with a *Bittaker* order until such time as

15   discovery is, in fact, sought by the parties.  Therefore, Combs's request for a

16   *Bittaker* protective order should be considered in the context of the limited nature of

17   this proceeding, and the limitations on factual development by the parties.

18        This Court's jurisdiction in this matter is pursuant to 28 U.S.C. § 2254, as

19   amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

20   *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

21   Accordingly, any showing of good cause for a protective order must be determined

22   in the context of the requirements and limitations of AEDPA.  *See Gonzalez v.*

23   *Crosby*, 545 U.S. 524, 529, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); Fed. R. Civ.

24   P. 81(a)(4).

25        Since the Ninth Circuit issued *Bittaker*, the United States Supreme Court held

26   that 28 U.S.C. § 2254(d) places "threshold restrictions ... on granting federal habeas

27   relief to state prisoners," *Renico v. Lett*, 559 U.S. 766, 130 S. Ct. 1855, 1862 n.1,

28   176 L. Ed. 2d 678 (2010), and "bars relitigation of any claim 'adjudicated on the

1  merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)."

2  *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 784, 178 L. Ed. 2d 624 (2011).

3  Unquestionably, AEDPA expresses "Congress' intent to channel prisoners' claims

4  first to the state courts." *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388, 1398-

5  99, 179 L. Ed. 2d 557 (2011).  Therefore, "[i]f a claim has been adjudicated on the

6  merits by a state court, a federal habeas petitioner must overcome the limitation of §

7  2254(d)(1) on the record that was before that state court." *Id*. at 1400 (footnote

8  omitted).  Consequently, before any discovery is appropriate in this proceeding,

9  Combs must first present his claims to the state court (§ 2254(b)), and if he is

10  unsuccessful in obtaining relief from the state court, then he must satisfy an

11  exception to the bar against relitigation of his claims on federal habeas (§§

12  2254(d)(1) and (d)(2)) before there can be any good cause for factual development

13  in federal court regarding the merits of any of his claims.[4]  *Richter*, 131 S.Ct. at

14  784; *Pinholster*, 131 S.Ct. at 1398, 1400.

15      As the Supreme Court observed in *Pinholster*, "Although state prisoners may

16  sometimes submit new evidence in federal court, AEDPA's statutory scheme is

17  designed to strongly discourage them from doing so." *Pinholster*, 131 S. Ct. at

18  1401.  Congress intended "to channel prisoners' claims first to the state courts," and

19  the "'federal habeas scheme leaves primary responsibility with the state courts.'"

20  *Id*. at 1398-99 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 27, 123 S. Ct. 357, 154

21  L. Ed. 2d 279 (2002) (per curiam)).  The basic structure of federal habeas

22          [4] 28 U.S.C. § 2254(d) reads:

23          An application for a writ of habeas corpus on behalf of a person
    in custody pursuant to the judgment of a State court shall not be
24  granted with respect to any claim that was adjudicated on the merits in
    State court proceedings unless the adjudication of the claim —
25          (1) resulted in a decision that was contrary to, or involved an
    unreasonable application of, clearly established Federal law, as
26  determined by the Supreme Court of the United States; or
          (2) resulted in a decision that was based on an unreasonable
27  determination of the facts in light of the evidence presented in the
    State court proceeding.

28

5

1    jurisdiction has the state as the principle forum for asserting constitutional

2    challenges to a state conviction, consistent with the AEDPA's goal of promoting

3    comity, finality, and federalism. *Pinholster*, 131 S. Ct. at 1401. Combs's request

4    for a *Bittaker* protective order to ostensibly protect against dissemination of

5    materials by Respondent is unwarranted and premature given the limitations on

6    factual development by the parties in this proceeding.

7        In addition, Combs seeks to significantly expand the scope of *Bittaker*. He

8    does so first by seeking a protective order essentially before litigation of his

9    amended petition has begun, and certainly before any discovery has taken place.

10   Secondly, he seeks to apply *Bittaker* retroactively by requesting that allegations and

11   claims in the FAP and exhibits filed in support thereof be subject of a protective

12   order and filed under seal. (*Bittaker* Mot. at 6-8.) Combs, however, has not filed a

13   redacted first amended petition or specifically identified the allegations in the FAP

14   that he seeks to redact. With regard to the exhibits, Combs identifies only Exhibit 7

15   (an investigator's report) and the exhibits he conditionally filed under seal, which

16   are Exhibit 23 (juvenile court records); Exhibit 29 (a presentence report); Exhibit

17   79 (attorney funding requests), and Exhibits 83, 121, 122, and 123 (juror

18   questionnaires). (See Appl. at 1, 3-4.) All of these exhibits are documents Combs

19   already voluntarily chose to make a matter of public record in state court

20   proceedings. (*See* Lodgment No. 45 at 61-74; Lodgment No. 47 at 576-648, 761-

21   765; Lodgment No. 51 at 1,824-55, 1,893-1,911; Lodgment No. 53 at 2,354-2,411.)

22   In addition, the juvenile court records (Ex. 23) were admitted into evidence at

23   Combs's state court trial, as Trial Exhibits 47 and 48. (*See* Appl. at 3; Lodgment

24   No. 19 at 67-139.) The presentence report (Ex. 27) was part of Trial Exhibit 51.

25   (Lodgment No. 19 at 293-97.) Only Exhibits 7 and 79 potentially contain material

26   protected by the attorney-client privilege. Combs's attempt to include those

27   exhibits as covered by a *Bittaker* order would drastically expand the purpose of a

28   *Bittaker* order, which is limited to protecting the attorney-client privilege in

6

1    situations where the federal court compels a litigant to waive that privilege.  In such

2    situations, "the court directs the party holding the privilege to produce the

3    privileged materials *if* it wishes to go forward with its claims implicating them. The

4    court thus gives the holder of the privilege a choice: If you want to litigate this

5    claim, then you must waive your privilege to the extent necessary to give your

6    opponent a fair opportunity to defend against it." *Bittaker*, 331 F.3d at 720

7    (emphasis in original).

8         *Bittaker* held that such a compulsory waiver must be construed as narrowly as

9    possible to ensure that the litigant, in vindicating his rights, does not end up in a

10   worse position than had the rights not been violated in the first place.  *Bittaker*, 331

11   F.3d at 722-23.  The compulsion aspect is critical.  It forms the basis for what is

12   essentially a bargain between the litigant and the court.  "Essentially, the court is

13   striking a bargain with the holder of the privilege by letting him know how much of

14   the privilege he must waive in order to proceed with his claim." *Id*. at 720.  If there

15   is no compelled disclosure, there is no basis for any such bargain between the court

16   and the litigant.  Indeed, the determination of whether there is to be any compelled

17   disclosure is ultimately with the opponent, who, "if it does not wish to be bound, it

18   is free to reject the materials and litigate without them . . . ." *Id.* at 721.  As noted,

19   Combs has not been compelled to disclose anything to Respondent.  There has been

20   no bargain with this Court as contemplated by *Bittaker*.  Therefore, Combs is not

21   entitled to a *Bittaker* order at this stage in the proceedings.

22        Combs's suggestion that such orders are routinely granted (*Bittaker* Mot. at 8)

23   ignores the circumstances under which a protective order is being sought in this

24   case, i.e. not in connection with a motion for discovery, but ostensibly to facilitate

25   filing the FAP and supporting exhibits that are already a matter of public record in

26   state court.

27        Combs's further concern over "poisoning" a possible retrial absent a

28   protective order being issued regarding the allegations in his habeas petition, and

the exhibits filed in support of those allegations (*Bittaker* Mot. at 5), is completely unfounded.  Beyond his allegations and supporting documentation not constituting a compelled disclosure within the meaning of *Bittaker*, any concerns regarding the dissemination of attorney-client privileged material in the event of retrial does not constitute good cause for a protective order.  California law already affords Combs adequate protections.  *See People v. Ledesma*, 39 Cal. 4th 641, 694-95 (2006).[5]  As the Ninth Circuit has unambiguously explained, "The attorney-client privilege is a rule of evidence."  *Wharton v. Calderon*, 127 F.3d 1201, 1205 (9th Cir. 1997).  Thus, absent a demonstration of true prejudice from disclosure alone – the type identified in *Bittaker* –, the presumption of open judicial proceedings weighs against litigating any part of this case in secret.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).[6]  Therefore, none of the allegations of the FAP, or any of the exhibits he filed in support of the FAP, should be part of any *Bittaker* order.

///

///

///

_____

[5] If Combs's concern is over whether filing in this Court what has already been publicly filed in the California Supreme Court will be construed as a waiver of his rights under *Ledesma* in the event of a retrial, Respondent is amenable to resolving any such concern by stipulating that Combs's publicly filing of his FAP, or the exhibits in support thereof, in this habeas proceeding, does not constitute a waiver of the attorney-client privilege set forth in California Evidence Code section 958 for purposes of retrial after otherwise privileged matters have been disclosed in connection with this habeas proceeding.

[6] In his opposition to the Application to File Exhibits under Seal, filed concurrently with this opposition, Respondent discusses more in depth why the presumption of open judicial proceedings weighs against litigating any part of this case in secret.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, Respondent respectfully requests that the Court deny Petitioner's motion for a *Bittaker* order.

Dated:  August 6, 2013                                    Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
HOLLY D. WILKENS
Supervising Deputy Attorney General


 */s/ Sharon L. Rhodes*
SHARON L. RHODES
Deputy Attorney General
*Attorneys for Respondent*

SLR:bp
SD2005XW0002
80802305.doc

9