UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL STEPHEN COMBS,<br><br>  Petitioner,<br><br>  v.<br><br>KEVIN CHAPPELL, Warden of California State Prison at San Quentin,<br><br>  Respondent. | CV 05-4777-ODW<br><br>*BITTAKER* PROTECTIVE ORDER<br><br>**DEATH PENALTY CASE** |

Petitioner's Motion for a Protective Order pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), is hereby GRANTED as follows:

1. This Order applies to: (a) documents and materials, including declarations, derived from the trial team or trial counsel files that Petitioner provides to Respondent during this habeas action; (b) any related testimony provided at an evidentiary hearing or deposition in this matter; and (c) any reference to such documents or testimony in the parties' pleadings or exhibits submitted to this Court.

1

2.      To the extent that the Court may order the production of documents and discovery in this matter that Petitioner contends are subject to claims of privilege or protected from disclosure by the attorney work-product doctrine, and to the extent that this Court may order Petitioner's trial counsel's file, including the files of other defense team members, be produced to the Respondent (or Petitioner turns over such documents voluntarily by filing any part of the material as supporting evidence in this action), such discovery shall be subject to this Protective Order and shall remain confidential and sealed.  Further, to the extent that this Court may permit the taking of the depositions of trial counsel, other members of the defense team, Petitioner, and his experts, such discovery shall be subject to this Protective Order and shall remain confidential and sealed.  If an evidentiary hearing is held in this case, any testimony by Petitioner, his experts, trial counsel, and any trial defense team member shall be subject to this Protective Order and shall remain confidential and sealed.

3.      All privileged documents and testimony produced to Respondent in this action may be used only for purposes of litigating this habeas corpus proceeding by: (a) Petitioner and the members of his legal team, *i.e.*, lawyers, paralegals, investigators, and support staff, assigned to this case by the Office of the Federal Public Defender, and persons retained by Petitioner's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses; and (b) Respondent and the members of his legal team, *i.e.*, lawyers, paralegals, investigators, and support staff, assigned to this case by the California Attorney General's Office, and persons retained by Respondent's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses.  This Protective Order extends to members of the legal teams and all persons retained by the parties to litigate this matter.  All such individuals shall be provided with a copy of this Protective Order.

4.  Except for disclosure to the persons and agencies described in Paragraph 3, disclosure of the contents of the affected documents and testimony and the documents and testimony themselves shall not be made to any other persons or agencies, including, but not limited to, prosecutorial agencies and law enforcement personnel, without the Court's prior authorization. If Respondent contends that he needs to disclose Petitioner's privileged material to outside prosecutorial agencies, outside law enforcement personnel, experts, consultants, deponents or witnesses in order to investigate or respond to Petitioner's habeas claims, Respondent shall first provide notice to Petitioner's counsel regarding (a) the identity of each individual to whom access must be provided, and (b) Respondent's reasons therefor. Petitioner shall notify Respondent within three court days of his non-opposition or objection to Respondent's proposal. If Petitioner objects to Respondent's proposal, and if the parties cannot resolve their differences within three additional court days, Petitioner shall provide his written objection to Respondent within three further court days. Respondent shall file and serve a document containing Petitioner's objections and Respondent's responses within three additional court days. The Court shall rule on Petitioner's objections before the privileged materials are disclosed. Any person obtaining access to the privileged material pursuant to this process shall also be given a copy of this Protective Order and shall sign a statement agreeing to be bound by the terms of this Order.

5.  Documents and testimony that Petitioner contends are privileged shall be clearly designated as such by labeling the documents or testimony in a manner that does not prevent reading the text of the document.

6.  Petitioner's disclosure of documents from trial counsel's file in this action, and any related testimony by Petitioner or members of Petitioner's trial team at a deposition or evidentiary hearing in this case, does not constitute a

waiver of Petitioner's rights under the Fifth and Sixth Amendments to the United States Constitution in the event of any retrial.

7. To the extent that either party may wish to file under seal any material referenced herein as supporting evidence in this proceeding, the party shall comply with the applicable Local Rules and specifically demonstrate the need for the under seal filing, keeping in mind that the showing therefor is not necessarily satisfied by the existence of this Order.

8. This Order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case. Any modification or vacation of this Order shall only be made upon notice to and an opportunity to be heard from both parties.

IT IS SO ORDERED.

Dated: October 15, 2013

_____
HONORABLE OTIS D. WRIGHT, II
U.S. DISTRICT COURT JUDGE